IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL CORDOVA,

    Plaintiff,

and

SOS STAFFING SERVICES, INC.,

    Intervenor,

v.                                      No. CIV-01-1026 WJ/JHG

PEAVEY COMPANY, a wholly owned
subsidiary of CONAGRA, INC., and
POARCH BROTHERS, INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND NOTICE OF HEARING

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Reconsider [Docket No. 89]. Having reviewed the submissions of the parties and being otherwise fully advised on the issues, I find that Plaintiff's motion for reconsideration should be granted in part for the reasons below. Additionally, I find that oral argument will assist the Court on reconsideration. Therefore, the Court will hear argument from counsel on the issues specified herein.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Manuel Cordova ("Plaintiff") was employed by Intervenor SOS Staffing Services, Inc. ("SOS"). On or about April 3, 2000, Plaintiff was working for Defendant Peavey Company

("Peavey") pursuant to a staffing agreement between SOS and Peavey. While working for Peavey at Peavey's place of business, Plaintiff was severely injured around a piece of machinery known as a grain auger.

Plaintiff filed a Complaint for recovery of damages from Peavey on the theory of negligence. Additionally, Plaintiff alleged that he is entitled to recover damages from Peavey for Peavey's breach of the staffing agreement between SOS and Peavey. Finally, Plaintiff alleged that Peavey's conduct amounted to willful, gross negligence, and gross indifference to Plaintiff's safety.

SOS filed a complaint in intervention seeking to recover damages from Peavey for breach of the staffing agreement. Peavey filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint in intervention for failure to state a claim on the basis of the New Mexico Worker's Compensation Act (WCA) exclusive remedy provisions. In response to the motion, SOS argued that Peavey was not entitled to the immunity afforded by the WCA because Peavey did not pay for worker's compensation benefits and was not Plaintiff's special employer. SOS alternatively argued that, even if Peavey was entitled to the exclusive remedy provisions of the WCA, Peavey waived its immunity by entering into an indemnification agreement with SOS. Finally, SOS argued that it was suing Peavey for breach of the staffing agreement and such suit was not barred by the WCA exclusive remedy provisions.

By a Memorandum Opinion and Order filed October 3, 2002, this Court found that Peavey was paying for worker's compensation benefits and was Plaintiff's special employer such that it was entitled to the immunity afforded by the WCA. The Court further found that Peavey had not entered into an indemnification agreement with SOS that had the effect of waiving the

exclusive remedy aspects of the WCA.  Finally, the Court found that SOS's action for breach of contract was barred by the exclusive remedy provisions of the WCA.  Accordingly, the Court dismissed the Complaint in Intervention.  On the basis of the conclusion that the WCA is the exclusive remedy against Peavey, the Court also dismissed *sua sponte* Plaintiff's claims against Peavey.

Plaintiff filed the instant motion requesting the Court reconsider its ruling with regard to Plaintiff's claims against Peavey.  Plaintiff points out that he had no opportunity to brief the Court on the issue of his claims against Peavey and any impact on these claims of the exclusivity provisions of the WCA.  Plaintiff's motion seeks to resurrect SOS's argument that Peavey is not entitled to the immunity afforded by the WCA because Peavey did not pay for worker's compensation benefits.  Additionally, Plaintiff makes an argument that Peavey is not entitled to the protections of the WCA because Peavey willfully caused Plaintiff's injuries.

**DISCUSSION**

I.  PLAINTIFF'S REQUEST THAT THE COURT RECONSIDER ITS DECISION THAT PEAVEY PAID FOR WORKER'S COMPENSATION BENEFITS

Plaintiff asks this Court to reconsider its finding that Peavey indirectly paid for worker's compensation benefits by its payments to SOS pursuant to the staffing agreement.  This Court will not reconsider what it has already thoughtfully and carefully considered.  Plaintiff's motion, to the extent it seeks reconsideration of this finding, will be denied.

II. PLAINTIFF'S REQUEST FOR RECONSIDERATION ON THE BASIS THAT AN EMPLOYER LOSES ITS RIGHTS UNDER THE WCA WHEN IT WILLFULLY INJURES A WORKER

Plaintiff asks this Court to reconsider its dismissal of Plaintiff's claims against Peavey on the basis of the exclusivity provisions of the WCA. As grounds, Plaintiff asserts that New Mexico law provides that an employer is not entitled to the benefits of exclusivity when there is evidence that the employer intentionally or willfully injured a worker. This argument was not advanced by SOS in its response to Peavey's motion to dismiss the complaint in intervention. Thus, the Court did not consider or address this contention prior to issuing its October 3, 2002 order. Because Plaintiff did not have an opportunity to brief the Court with regard to that motion, and because Plaintiff is advancing an argument not presented to the Court by any of the parties to that motion, the Court will grant Plaintiff's motion to reconsider on these grounds.

III.    SCOPE OF ARGUMENT

Plaintiff's argument that he should be permitted to proceed with his claims against Peavey on the theory that Peavey willfully caused his injuries requires this Court to consider the application of the law from Delgado v. Phelps Dodge Chino, Inc., 34 P.3d 1148 (N.M. 2001) to the facts of this case. The Court has already determined that the ultimate determination whether the exclusivity provisions of the WCA bar a tort claim is a question of law. Coates v. Wal-Mart Stores, Inc., 976 P.2d 999, 1004 (N.M. 1999). However, it appears that the question whether an employer willfully or intentionally caused a worker's injury is an issue of fact. Id. at 1005, 1006. The Court is thus under the impression that Plaintiff's claims against Peavey must be permitted to proceed unless, as a matter of law, and viewing the facts in a light most favorable to Plaintiff, no reasonable jury could find that Peavey willfully caused Plaintiff's injury. The Court will permit counsel to argue the question whether willfulness presents a factual or legal issue.

In Delgado, the New Mexico Supreme Court made a significant change in the law in holding that an employer may not enjoy the benefits of the exclusivity provisions of the WCA if the employer either intentionally or willfully injures a worker. 34 P.3d at 155-56. The court went on to provide a three part test to determine whether an employer or worker has willfully caused an injury. The Court will permit counsel to argue and analyze the application of this test to this case.

Finally, the Court would like to hear from counsel on the following: if the Court were to vacate its October 3, 2002 order with regard to Plaintiff's claims against Peavey, what effect, if any, would this have on the Court's order dismissing the complaint in intervention?

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider [Docket No. 89] is hereby GRANTED IN PART as described herein.

IT IS FURTHER ORDERED that counsel for all parties appear before the Court for a hearing on the issues specified herein on December 30, 2002, at 9:00 a.m., at United States Courthouse, Pecos Courtroom-3rd Floor, 333 Lomas Blvd NW, Albuquerque, NM.

_____
UNITED STATES DISTRICT JUDGE

5