IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL CORDOVA,

    Plaintiff,

v.                                                          Civil No. 01-1026 WJ/KBM

PEAVEY COMPANY, a wholly owned subsidiary of
CONAGRA, INC., and POARCH BROTHERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Summary Judgment and/or Default Judgment Against Defendant Poarch Brothers, Inc. [Docket No. 140] the Court's Order filed July 31, 2003 [Docket No. 139], and Plaintiff's Motion to Stay Deadlines [Docket No. 150].

On April 3, 2003, former counsel for Poarch Brothers, Inc., (PBI) filed a motion to withdraw as counsel for PBI. As president of PBI, Ken Walser consented to the withdrawal and represented that PBI was aware that a corporation can appear in court only through an attorney. On April 8, 2003, the Court filed an Order granting the motion. As of July 31, 2003, no attorney had filed an appearance on behalf of PBI.

On July 31, 2003, the Court, noting the above facts, ordered PBI to retain an attorney within 20 days or show cause why default judgment should not be entered against it for failure to follow D.N.M.LR-Civ. 83.7. See Docket No. 139. The Clerk of Court sent copies of this Order to the last known address of PBI as well as the last known address for Ken Walser, president of

PBI.  These copies were sent by certified mail, return receipt requested.  The copy sent to PBI was returned to the Court on August 18, 2003 because there was no mail receptacle at the address.  The copy sent to Ken Walser was returned to the Court on August 21, 2003 because it had remained unclaimed.  PBI has not retained an attorney nor shown cause why default judgment should not be entered against it for failure to obtain counsel.

On August 5, 2003, Plaintiff filed his Motion for Summary Judgment and/or for Default Judgment.  Plaintiff's basis for requesting default judgment is PBI's failure to obtain counsel.  On August 7, 2003, Plaintiff filed a supplemental certificate of service indicating that the motion was served by mail to the last known address of Ken Walser on August 5, 2003 and by mail to the last known address of PBI on August 7, 2003.  PBI did not file a response to Plaintiff's motion.  Consequently, Plaintiff filed a notice of completion on the motion on September 8, 2003.

It is well settled that a corporation may not appear *pro se*. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993) (noting that a corporation may appear in the federal courts only through counsel); D.N.M.LR-Civ. 83.7.  In this case, PBI has not only failed to obtain counsel, but has apparently become an absent party that the Court and parties are unable to reach or serve.  While the entry of default judgment is not lightly entered, under the circumstances there is no other effective manner of ensuring the orderly disposition of this case.  See e.g., Bristol Petroleum Corp. v. Harris, 901 F.2d 165 (D.C. Cir. 1990) (affirming dismissal of a plaintiff's claims for failure to appear through counsel).

The Court will, therefore, enter default judgment against PBI and in favor of Plaintiff on the issue of liability.  The Court will further order Plaintiff to submit a request for specified damages with supporting argument and evidence in a form that complies with evidence submitted

in support of a motion for summary judgment under Fed. R. Civ. P. 56.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment and/or Default Judgment Against Defendant Poarch Brothers, Inc. [Docket No. 140] is hereby GRANTED and default judgment on the issue of liability is entered against Defendant Poarch Brothers, Inc. in favor of Plaintiff Manuel Cordova.

IT IS FURTHER ORDERED that Plaintiff submit a request for specified damages, a memorandum brief in support of the amount requested, and evidence in support of the request by October 31, 2003.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Deadlines [Docket No. 150] is hereby GRANTED.

IT IS FINALLY ORDERED that the trial set for October 6, 2003 is hereby VACATED. After reviewing Plaintiff's submissions, the Court will determine whether an evidentiary hearing will be required.

_____
UNITED STATES DISTRICT JUDGE