IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL CORDOVA,

    Plaintiff,

v.                                                  Civil No. 01-1026 WJ/KBM

PEAVEY COMPANY, a wholly owned subsidiary of
CONAGRA, INC., and POARCH BROTHERS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Default Judgment [Docket No. 164]. Having reviewed the record, I find default judgment is not warranted at this time as the law on the time to answer Plaintiff's Writ of Garnishment is unclear, and the time to answer under a reasonable interpretation of the law has not yet expired. Plaintiff's Motion shall therefore be denied and the Clerk's Entry of Default [Docket No. 165] shall be set aside.

**BACKGROUND**

Plaintiff obtained a judgment of default against Defendant Poarch Brothers, Inc. in the amount of three million, eight hundred and three thousand, five hundred ninety-three dollars and forty-four cents ($3,803,593.44). See Docket No. 157. Plaintiff applied for a writ of garnishment naming Allstate Insurance Company as garnishee. See Docket No. 160. In accordance with Fed. R. Civ. P. 69, the Court issue the writ on March 2, 2004. The Writ was served on Allstate in

accordance with N. M. Stat. Ann. 1978 § 59A-5-32 which provides that service of process against an insurer shall be made by service on the Superintendent of Insurance who will then serve the insurer by certified mail. The statute further provides that service shall be complete upon receipt. § 59A-5-32(B). The statute states that an insurer served pursuant to the statute will be extended an additional ten (10) days beyond that otherwise allowed to appear in an action. § 59A-5-32(C).

Allstate received the process by certified mail on March 11, 2004. See Docket No. 161. As of April 1, 2004, Allstate had not filed an Answer in response to the Writ of Garnishment and Plaintiff filed an application for entry of default and a Motion for Default Judgment. A clerk's entry of default was docketed on April 1, 2004 [Docket No. 165]. Allstate filed an Answer to the writ of garnishment on April 5, 2004, 25 days after receiving a copy of the writ of garnishment.

**DISCUSSION**

The New Mexico Rules of Civil Procedure provide a party thirty days in which to file an answer after being served with summons and complaint. Rule 1-012(A) NMRA. Additionally, N.M. Stat. Ann. 1978 § 59A-5-32(C) provides an insurer an additional ten days to file an answer after being served in accordance with Section 59A-5-32. The Federal Rules of Civil Procedure provide a party twenty days in which to file an answer after being served with summons and complaint. Fed. R. Civ. P. 12(1)(A). The filing of a late answer may be construed as a motion to set side an entry of default. McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002). A district court has discretion to permit the late filing of an answer. Panis v. Mission Hills Bank, N.A., 60 F.3d 1486 (10th Cir. 1995).

At issue is whether Allstate was required to file an answer within twenty days under the

federal rules, or whether Allstate had forty days to answer pursuant to state law.[1]  If Allstate had forty days to file an answer, the Answer filed on April 5, 2004 was timely and Defendant is not entitled to default judgment.  If Allstate was required to file an answer in twenty days, the Answer filed April 5, 2004 was late, and the Court must consider whether the entry of default should be set aside.

Rule 69 of the Federal Rules of Civil Procedure provides that the procedure in supplementary proceedings in aid of judgment shall be in accordance with the practice and procedure of the state in which the district court is held, except that any statute of the United States governs to the extent it is applicable.  Many courts have interpreted Rule 69 as importing state general procedural rules for purposes of supplementary proceedings to enforce a judgment.  See e.g. Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993).  However, the Tenth Circuit has held that the Federal Rules of Civil Procedure have the force and effect of statute, and that, in supplementary proceedings to enforce a judgment, and absent state procedural rules specific to the enforcement of judgments, the federal rules apply over state procedural rules of general applicability.  Rumsey v. George E. Failing Co., 333 F.2d 960, 962 (10th Cir. 1964).  In accordance with Rumsey, I conclude that the federal rules apply in this case with regard to the time in which Allstate was required to file an Answer.  Thus, Allstate was required to file an Answer within twenty days of being served, and Allstate's Answer filed on April 5, 2004 was filed five days late.

The Court construes Allstate's late-filed Answer as a motion to set aside the entry of

---

[1] Thirty days pursuant to state rules of civil procedure plus the ten additional days provided by N.M. Stat. Ann. 1978 § 59A-5-32.

3

default.  A court may set aside an entry of default for good cause shown.  Fed. R. Civ. P. 55(c). Good cause required for setting aside an entry of default poses a lesser standard than the excusable neglect which must be shown for relief from judgment under Rule 60.  <u>Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.</u>, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citing <u>Meehan v. Snow</u>, 652 F.2d 274, 276 (2d Cir.1981)).  Given that Allstate was served pursuant to a state statute that permitted service on Allstate through the State of New Mexico Secretary of Insurance and also provided Allstate an additional ten days to file an answer, it would have been reasonable for Allstate to believe that it had an additional ten days to file an answer to a writ of garnishment issued in federal court.  There is nothing in this case giving rise to an inference that Allstate acted in bad faith in filing its Answer five days late.  There is little prejudice that can result to Plaintiff from the five day late filing of the Answer.  Moreover, there is a preference in the law for resolving claims on the merits.  <u>Walker v. United Parcel Service, Inc.</u>, 240 F.3d 1268, 1273 (10th Cir. 2001).  I therefore find that good cause exists to set aside the clerk's entry of default and permit the late filing of Allstate's Answer.

**CONCLUSION**

     IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Docket No. 164] is hereby DENIED.

     IT IS FURTHER ORDERED that the Clerk's Entry of Default [Docket No. 165] is hereby SET ASIDE.

                                                  UNITED STATES DISTRICT JUDGE