IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL CORDOVA,

    Plaintiff,

v.                                                                                          Civil No. 01-1026 WJ/KBM

PEAVEY COMPANY, et al.,

    Defendants,

and

ALLSTATE INSURANCE COMPANY, INC.,

    Garnishee.

### MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE INSURANCE COMPANY'S MOTION TO HOLD IN ABEYANCE THE MOTION TO SET ASIDE DEFAULT JUDGMENT

THIS MATTER comes before the Court pursuant to Allstate Insurance Company's Motion to Hold Allstate's Motion to Set Aside Default Judgment in Abeyance Pending Determination of the Issue of Policy Coverage [Docket No. 186]. Having reviewed the submissions of the parties, the record in this case, and the relevant law, I find the motion is well taken and will be granted.

Plaintiff Cordova filed a lawsuit on September 4, 2001 against Poarch Brothers, Inc. (PBI) for personal injuries Cordova suffered while working around a grain auger manufactured by PBI. PBI was initially represented in this matter by Randal Roberts and Kathleen Mixon of Simone, Roberts & Weiss, P.A. On May 21, 2002, Joe L. Lovell of Lovell, Lovell, Newsom & Isern, L.L.P., was admitted Pro Hac Vice to represent PBI. See Docket No. 53. On January 24, 2003,

Roberts and Mixon were permitted to withdraw as counsel for PBI. See Docket No. 108. On April 8, 2003, Lovell and the other attorneys in the firm of Lovell, Lovell, Newsom & Isern, L.L.P. were permitted to withdraw as counsel for PBI. See Docket No. 125. This withdrawal was permitted only after the Court was assured that PBI consented to the withdrawal, understood that PBI as a corporate entity could not appear in this case without counsel, and understood that failure to retain counsel could result in a default judgment being entered against PBI. See Id. On August 5, 2003, the Court issued an Order to PBI directing it to retain counsel. See Docket No. 140. On September 12, 2003, the Court entered default judgment against PBI on the issue of liability. See Docket No. 151. After examining evidence on the issue of damages, the Court entered a Memorandum Opinion and Order finding damages in the amount of $3,803,593.44. See Docket No. 156. On October 29, 2003, the Court entered final judgment against PBI in the specified amount. See Docket No. 157.

On March 2, 2004, at the request of Plaintiff Cordova, the Court issued a writ of garnishment naming Allstate Insurance Company, Inc. (Allstate) as garnishee. In its Answer to the writ, Allstate denied being indebted to PBI or holding any property belonging to PBI. See Docket No. 166. Cordova, in his Controversion of Answer of Garnishee, alleged Allstate issued an insurance policy to PBI, that the policy provided coverage for Cordova's injuries, and that Allstate is thus indebted to PBI for the amount of the judgment against PBI. See Docket No. 169.

On October 26, 2004, Allstate filed a Motion to Set Aside the default judgment against PBI. See Docket No. 188. Concurrent with that motion, Allstate filed the instant Motion to Hold in Abeyance its motion to set aside default judgment. In the instant motion, Allstate asks

that the Court stay any ruling on the motion to set aside default judgment until after the issue of policy coverage is determined.  As grounds, Allstate notes that, in the event it is determined that there is no coverage, Allstate would have no further reason to seek to have the default judgment set aside.  Thus, Allstate urges that a decision on the motion to set aside default judgment before a determination of the coverage issue would not be a good use of the Court's or the parties' time and resources.

Cordova opposes the instant motion.  As grounds, Cordova argues that Allstate lacks standing to move to have the default against PBI set aside.  Accordingly, Cordova asks that the Court address the motion to set aside default judgment and deny that motion on the basis that Allstate lacks standing.

The Court will not address the issue of Allstate's standing at this time.  Instead, the Court will wait to rule on Allstate's motion to set aside default judgment until after the issue of policy coverage is determined.  Accordingly, Allstate Insurance Company's Motion to Hold Allstate's Motion to Set Aside Default Judgment in Abeyance Pending Determination of the Issue of Policy Coverage [Docket No. 186] is hereby GRANTED.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE